UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GERARDO LUCIANO TAPIA, | ) Case No. CV 17-00525-ODW (AS) |
| Petitioner, | ) **ORDER OF DISMISSAL** |
| v. | ) |
| UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, | ) |
| Respondent. | ) |

**I. BACKGROUND**

On March 21, 2017, Gerardo Luciano Tapia ("Petitioner"), a California state prisoner proceeding pro se, filed a "Petition for Writ of Mandate/Prohibition" ("Petition") (Docket Entry No. 1), which the Court construes as a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner challenges his 2010 convictions for seven counts of committing a lewd and lascivious act on a child

under age fourteen by force, violence, duress, menace or fear and one count of attempted aggravated sexual assault of a child under age fourteen, in Riverside County Superior Court (Case No. RIF150883).[1] The Petition appears to allege the following grounds for federal habeas relief: (1) Petitioner's convictions were based on the lies by Petitioner's stepdaughter, a minor; (2) Petitioner received ineffective assistance of counsel based on trial counsel's failure to call Petitioner's wife to testify; (3) The trial court committed judicial misconduct in its response to the jurors' question about what happens if the jurors are not able to reach a verdict; (4) Petitioner is actually or factually innocent; (5) The polygraph evidence presented at trial was fabricated; and (6) Petitioner received ineffective assistance of counsel based on his trial counsel's failure to object to the trial court's judidicial misconduct in its response to the jurors' question about what happens if the jurors are not able to reach a verdict.[2] (Petition, attached "Statement of the facts" at 2-7).[3]

---

[1] The Court takes judicial notice of the pleadings in Gerardo Luciano Tapia v. Kim Holland, Warden, Case No. EDCV 14-01692-ODW (RNB).

[2] Petitioner admits he alleged this last claim in his 2014 federal habeas petition.

[3] To the extent that Petitioner is attempting to seek relief from Judgment in Case No. EDCV 14-01692-ODW (RNB) under Rule 60(b)(6), Petitioner has failed to show extraordinary circumstances justifying the reopening of a final judgment. See Gonzalez v. Crosby, 545 U.S. 524, 536 (2005); LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986) (citations omitted); see also Lehman v. United States, 154 F.3d 1010, 1017 (9th Cir. 1998) ("To receive Rule 60(b)(6) relief, a moving party must show both injury and that circumstances beyond [his or her] control prevented timely action

On August 15, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody by a Person in State Custody pursuant to 28 U.S.C. § 2254, in which he challenged the same 2010 convictions ("prior habeas action"). See <u>Gerardo Luciano Tapia v. Kim Holland, Warden</u>, Case No. EDCV 14-01692-ODW (RNB)(Docket Entry No. 1). On April 21, 2015, the Court issued an Order and Judgment denying that habeas petition and dismissing the action with prejudice, in accordance with the findings and recommendations of the assigned Magistrate Judge. (<u>Id.</u>; Docket Entry Nos. 25-26). On the same date, the Court denied Petitioner a certificate of appealability. (<u>Id.</u>; Docket Entry No. 24).

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.

---

to protect [his or her] interests.").

3

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a

second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section. 28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657(1996).

1    The instant Petition and the prior habeas action both
2 challenge Petitioner's custody pursuant to the same 2010 judgment
3 entered by the Riverside County Superior Court. Accordingly, the
4 instant Petition, filed on March 21, 2017, well after the
5 effective date of the AEDPA, is a second or successive habeas
6 petition for purposes of 28 U.S.C. § 2244. Therefore, Petitioner
7 was required to obtain authorization from the Court of Appeals
8 before filing the present Petition. See 28 U.S.C. §2244(b)(3)(A).
9 No such authorization has been obtained in this case.

10

11    Moreover, the claims asserted in the instant Petition do not
12 appear to fall within the exceptions to the bar on second or
13 successive petitions because the asserted claims are not based on
14 newly discovered facts or a "a new rule of constitutional law,
15 made retroactive to cases on collateral review by the Supreme
16 Court, that was previously unavailable." Tyler v. Cain, 533 U.S.
17 656, 662 (2001). However, this determination must be made by the
18 United States Court of Appeals upon a petitioner's motion for an
19 order authorizing the district court to consider his second or
20 successive petition. 28 U.S.C. § 2244(b); see also Burton v.
21 Stewart, 549 U.S. 147, 157 (2007) (where the petitioner did not
22 receive authorization from the Court of Appeals before filing
23 second or successive petition, "the District Court was without
24 jurisdiction to entertain [the petition]"); Barapind v. Reno, 225
25 F.3d 1100, 1111 (9th Cir. 2000) ("[T]he prior-appellate-review
26 mechanism set forth in § 2244(b) requires the permission of the
27 court of appeals before 'a second or successive habeas application
28 under § 2254' may be commenced."). Because Petitioner has not

6

obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition. See Burton v. Stewart, supra.

### III. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 24, 2017

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE